**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4656

FAUSTO RUIZ-VARGUS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-407)

Submitted: February 5, 2002

Decided: February 15, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Fausto Ruiz-Vargus was charged in three counts of an eleven-count indictment. In Count 1, he was charged with conspiracy to knowingly and intentionally distribute in excess of five kilograms of cocaine hydrochloride and in excess of 100 kilograms of marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999); in Count 2, he was charged with knowingly and intentionally possessing with intent to distribute approximately 31.2 kilograms of cocaine hydrochloride in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A); and in Count 3, he was charged with knowingly and intentionally possessing with intent to distribute 8.26 kilograms of marijuana in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(D). Ruiz-Vargus was convicted following a jury trial and sentenced to 200 months in prison for Counts 1 and 2, and sixty months for Count 3, to run concurrently with the sentence for Counts 1 and 2. Ruiz-Vargus appeals his conviction and sentence.

First, Ruiz-Vargus argues the district court should have granted his motion for judgment of acquittal because there was insufficient evidence to show he participated in a drug conspiracy. We review the verdict to determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). When considering the sufficiency of the evidence, we do not review the credibility of a witness's testimony. *United States v. Hobbs*, 136 F.3d 384, 391 n.11 (4th Cir. 1998). We have reviewed the evidence and find, when viewed in the light most favorable to the Government, the evidence is sufficient to support Ruiz-Vargus' conspiracy conviction.

Second, Ruiz-Vargus argues the testimony of Ponciano Carlos Duarte should not have been admitted under Fed. R. Evid. 801(b)(2)(E). Because the admission of the testimony was not objected to at trial, we review the admission of the evidence for plain

error. *See United States v. Olano*, 507 U.S. 725, 732-36 (1993). We have reviewed the record and found no error.

Finally, Ruiz-Vargus argues the district court erred in allowing Hermino Martinez-Penalosa, a co-defendant, to assert his Fifth Amendment privilege against self-incrimination at the sentencing hearing. Ruiz-Vargus sought Martinez-Penalosa's testimony to refute Duarte's testimony at trial that supported an obstruction of justice sentencing enhancement. The district court, however, based its application of the obstruction of justice enhancement on factors other than Duarte's testimony.

We therefore affirm Ruiz-Vargus' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*